### Rosenham's Executor v. Bruens.

(Decided March 24, 1922.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

Trial—Instructions—Evidence.—In an action to recover the value of certain whiskey warehouse.receipts the question of fact submitted to the jury was a simple one; it was submitted under proper instructions, and the judgment in favor of appellee will not be disturbed.

EDWARDS, OGDEN & PEAK and OSSO W. STANLEY for appellant.

A. J. BIZOT and P. H. SAVAGE for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

In December, 1917, appellee Bruens borrowed from Max J. Rosenham $1,000.00, for which he executed ten one hundred dollar notes payable on or before one year from that date. At another time Bruens borrowed of Rosenham $1,086.15, for which Bruens executed his note, to which note was attached certain whiskey warehouse receipts as collateral. At another time Bruens borrowed of Rosenham $136.00 for which he gave his note, to which there was no collateral attached. The last two notes have been fully paid and the collateral surrendered. The first seven of the ten notes of $100.00 each, constituting the $1,000.00 loan from Rosenham to Bruens, were duly paid

and surrendered, but Bruens brought this action against the executor of Rosenham, who died in the meantime, averring that with the ten notes of $100.00 each he delivered to Rosenham certain whiskey warehouse receipts as collateral, and that while all of said notes have been paid to Rosenham the collateral, which Bruen claims belongs to him and was placed with said notes, has never been surrendered and he prays judgment against the executor of Rosenham for the value of said warehouse receipts, which is fixed as $1,200.16. After the national prohibition law was passed and before it took effect, and while the whiskey was in barrels in a warehouse, Bruens and the administrator of Rosenham entered into a written agreement, by which Bruens was to deposit with a certain bank the sum of $1,200.16 as the value of said warehouse receipts representing the liquor, and should take, remove and dispose of the liquor, leaving the fund in the hands of the bank to be litigated.

The executor of Rosenham answered and denied that Bruens was the owner of the warehouse receipts, which were in the possession of the executor, having been found in the safety box of Rosenham after his death, and averred that said warehouse receipts, representing said whiskey, were the property of the estate of Max J. Rosenham. Issue being joined appellee Bruens called several witnesses in an effort to prove his ownership of the warehouse receipts. The executor introduced no proof. The jury returned a verdict in favor of appellee Bruens. Judgment being entered in accordance with the verdict, the executor of Rosenham prosecutes this appeal.

As Rosenham was dead at the time of the trial the mouth of Bruens was closed respecting all transactions had with Rosenham. He was, however, allowed to testify that he executed the ten notes mentioned in the petition to Rosenham, and that later, while Rosenham had the warehouse receipts in his possession, one Cummins, who is also a witness and who at the time was operating the Willow Springs distillery, came to see Bruens and brought with him Rosenham, for the purpose of obtaining from Bruens fifteen barrels of 1913 and 1914 whiskey in exchange for an equal number of barrels of 1916 whiskey. Cummins was desirous of bottling the older whiskey but under the government rules was not permitted at that time to bottle that which he had made in the year 1916. Cummins testified concerning the exchange of the whiskey which he says

did not belong to Rosenham, and that Rosenham so told him, but was the property of appellee Bruens; that he inquired of Rosenham, to whom he had sold a great quantity of whiskey at different times, to know where he could find some warehouse receipts for whiskey of a vintage sufficiently remote to permit the whiskey to be bottled under government regulations, and Rosenham told him that he had no whiskey of such age, but that Bruens had a quantity which Rosenham had sold him, and for which warehouse receipts were held by Rosenham as collateral to secure a loan; that in order to effect such an exchange of whiskey between Bruens and Cummins, it was necessary to have the consent of Rosenham, who held the warehouse receipts; that Rosenham consented to the exchange and the warehouse receipts for the · old liquor were mailed by Rosenham to Cummins, who in turn sent warehouse receipts for the new liquor to Rosenham, who took and held the latter warehouse receipts just as he took and held the former ones—to secure his notes.

It is also in evidence by George Bruens, son of appellee, that the warehouse receipts, representing the liquor, were purchased by appellee Bruens from the deceased, Rosenham, and the full purchase price paid, and these bills receipted. While the name of Rosenham is to these receipts, it is asserted by counsel for appellant that it is not shown that his name was placed to said receipts by himself or at his instance or direction; that his signature is not proven. While it is true that the witness, Cummins, was not altogether familiar with the signature of Rosenham, although he had frequently seen it and says in his testimony: "I ain't so awful familiar with it (Rosenham's signature) but it looks right smart like it may have been his," yet taking all he said together we think there was sufficient evidence to justify the conclusion that Rosenham signed the receipts. This evidence was given in answer to a question as to whether the receipt for the liquor was signed by Rosenham. The witness was then asked: "You have seen his signature a good many times?" Answer: "Yes, sir." In addition to the foregoing George Bruens testifies positively that Mr. Rosenham was paid in full for the warehouse receipts, and this fact taken with the evidence of Cummins that the signature to the receipts looked much like that of Rosenham with whom he had been doing business, it would appear that there was sufficient evidence to warrant the jury in concluding that the signature to the receipt on the invoice

was that of Max J. Rosenham. We, therefore, conclude that the trial court properly overruled appellant's motion for a directed verdict in favor of the executor, and that the verdict is not flagrantly against the evidence.

The question of fact submitted to the jury was a simple one. If the warehouse receipts were deposited by Bruens with Rosenham merely as collateral to a note or notes, and these notes had been paid before the bringing of this action, then Bruens was entitled to the warehouse receipts or their equivalent, $1,200.16. In submitting this question to the jury the trial court instructed it that if it believed from the evidence that Bruens in December, 1917, deposited with Rosenham warehouse receipts calling for twenty-five barrels of Willow Springs whiskey and five barrels of Swab whiskey to secure a loan then made, and it further believed from the evidence that said loan was subsequently paid, but the receipts were not surrendered and returned to the plaintiff, the jury should find for the plaintiff, and following this instruction the jury did find for the plaintiff. In addition to the foregoing instruction the court told the jury that if it did not believe, as set forth in instruction No. 1, the verdict should be for the defendant. We think these instructions properly submitted the issues to the jury.

For appellant it is insisted that the pleadings do not support the instructions; that no instruction can be given which is not based upon both the pleadings and the proof. While assenting to this rule we find ourselves unable to agree with counsel that the pleadings do not support the instructions. The written agreement between the executor of Rosenham and appellee Bruens is in substance set forth in the pleading, whereby Bruens was to take the whiskey and dispose of it and to deposit with the bank its value. This was done. It satisfactorily appears from the evidence that the warehouse receipts, found with the notes in Rosenham's strong box, were the same receipts which Rosenham had sold and transferred to Bruens, and which afterwards Bruens, to secure a loan from Rosenham, returned to Rosenham with his notes.

Judgment affirmed.